UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>v.<br>LEMACK BELLOT,<br>   Defendant. | Case No. 19-cr-00073-VC-7<br><br>**RULINGS ON MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 201, 202 |

This order summarizes the Court's rulings on the parties' motions in limine. As a reminder, a ruling on a motion in limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

The Government's Motions in Limine

1. The motion to permit evidence of Bellot's three unsuccessful attempts to smuggle the confidential source's drugs through airports in the Bay Area is granted. The prior attempts are inextricably intertwined with the charged crimes and therefore necessary for the government to present a coherent narrative to the jury. The failed attempts provide context for the relationship between the confidential source and Bellot and for the nature of the plan for each of the successful runs. The attempts are also important to understand the coded terms used in the confidential source's subsequent conversations with Bellot.

2. The motion to admit Bellot's statements when offered by the government under Federal Rule of Evidence 801(d)(2)(A) is granted. But if the government seeks to play part of a conversation between the confidential source and Bellot and the defense shows that it would be misleading without playing another part, the Court will either exclude the portion the

government seeks to play under Rule 403 or require the government to play both parts under Rule 106.

3. The motion to admit Special Agent Mateer's expert testimony is granted in part and denied in part. First, Special Agent Mateer has the requisite expertise to testify about the topics outlined in the expert disclosure. He has, among other things, worked for the DEA since 1999, attended the DEA's 16-week training academy, and participated in more than one hundred narcotics investigations. Through those experiences, he developed expertise in the topics he will testify about. His proffered opinions are also the product of reliable methodology.

The special agent may testify generally about the distribution and transportation of controlled substances like cocaine, including why it is pressed into "bricks" for transport, and the methods used by drug traffickers to avoid detection by law enforcement. That information is probative of the ultimate issues in the case and not unduly prejudicial.

Special Agent Mateer may also testify about the meaning of coded language generally used by drug traffickers. That information is not within the grasp of a layperson and therefore is the proper subject of expert testimony. *See* Fed. R. Evid. 702(a). However, Special Agent Mateer may not testify about unique case-specific lingo or about how he "translates" particular conversations in this case. The probative value of that testimony is substantially outweighed by the fact that it is duplicative of the lay witnesses and presents a substantial risk of wasting the jury's time. *See* Fed. R. Evid. 403.

Special Agent Mateer may opine on the relative prices of drugs in Northern California and Atlanta in 2018, and the fact that smuggling fees are commonly related to those prices. The government has the burden of proving that Bellot intended to traffic cocaine, as opposed to any other drug, and the pricing information is probative of that issue and not unduly prejudicial.

4. The motion to prohibit references to punishment or nullification before the jury is granted as

to both parties.

5. The motion to preclude the introduction of information not in evidence before the jury is granted as to both parties. *See* Fed. R. Evid. 103(d).

6. The motion to exclude evidence that has not been timely produced under Federal Rule of Criminal Procedure 16 is granted as to both parties. If a party wishes to introduce evidence that has not yet been produced, they must seek leave of the Court.

7. The motion to require Bellot to proffer a good-faith basis for any *Henthorn*-type inquiry of a law enforcement witness is granted.

8. The motion to permit the government to rebut Bellot's anticipated entrapment defense in its case-in-chief is denied. The government may rebut an anticipated entrapment defense in its case-in-chief only when it is "sufficiently clear" that the defendant will present such a defense. *United States v. Gomez*, 6 F.4th 992, 1003 (9th Cir. 2021). Although Bellot previously requested a jury instruction on entrapment, he later notified the Court that he did not intend to rely on an entrapment defense.

9. The motion to require Bellot to make a pre-trial offer of proof to present a duress defense is granted. *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (citing *United States v. Moreno*, 102 F.3d 994, 998–99 (9th Cir. 1996)). Bellot has provided an offer of proof that the Court finds woefully insufficient. The crux of his proffer is that he agreed to commit crimes for the confidential source, a stranger who patronized his business, because he was being stalked by an unidentified person or group and believed that engaging with the stranger would help him "keep up appearances" of being "connected." Dkt. No. 224 at 7. But the threat Bellot identifies is vague and not adequately connected to the charged offenses in this case. There is also no indication the threat was immediate such that his unidentified persecutor(s) "figuratively held a gun to his head" to compel him to smuggle cocaine through Bay Area airports to protect himself from future kidnapping attempts. *United States v. Shryock*, 342 F.3d 948, 988 (9th Cir. 2003). Nor does the proffer indicate that Bellot was under an immediate threat of harm

for the entire time he communicated with the confidential source, a period spanning at least eight-and-a-half months. So there is no reason to believe that he was so constantly surveilled that he lacked a reasonable opportunity to do something to escape the threat, like reporting his fear to the police. Bellot is therefore not entitled to put on a duress defense at trial based on the offer of proof he has given.

Bellot's Motions in Limine

1. The motion to exclude the expert opinions of Special Agent Mateer is denied, subject to the qualifications discussed above. The government's disclosure is sufficiently detailed to give the defense an opportunity to prepare for cross examination. The disclosure also sufficiently states the bases for the special agent's proffered opinions, which include his qualifications and his review of discovery in this case.

2. The motion to preclude government witnesses from expressing an opinion about Bellot's mental state or condition concerning an element of the charged crimes or defenses is granted. *See* Fed. R. Evid. 704(b). Government witnesses may, however, testify to indicia of an intent to smuggle cocaine that may help the jury make the ultimate determination of Bellot's innocence or guilt. *See United States v. Lockett*, 919 F.2d 585, 590–91 (9th Cir. 1990).

3. The motion to prohibit the government from using hypotheticals to elicit testimony about Bellot's mental state or condition concerning an element of the charged crimes or defenses is granted. The government has represented that it does not intend to elicit such testimony.

4. The motion to prevent the government from referencing or presenting evidence that Bellot paid large PG&E bills in cash is granted. The government has represented that it does not intend to present that evidence in its case-in-chief unless Bellot opens the door.

5. The motion to preclude the government from referencing or presenting evidence that Bellot requested or received airline buddy passes from another investigation suspect is granted. The government has represented that it does not intend to present that evidence in its case-in-chief unless Bellot opens the door.

**IT IS SO ORDERED.**

Dated: October 18, 2021

_____
VINCE CHHABRIA
United States District Judge