UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEMACK BELLOT,<br><br>　　　　　Defendant. | Case No.  19-cr-00073-VC-7<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**<br><br>Re: Dkt. No. 310 |

　　　　Bellot's motion for a new trial is denied.

　　　　1. Bellot first argues that a new trial is in the interest of justice because the indictment was constructively amended at trial. "A constructive amendment is an alteration to the indictment's terms 'either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them.'" *United States v. Singh*, 995 F.3d 1069, 1078 (9th Cir. 2021) (quoting *United States v. Mickey*, 897 F.3d 1173, 1182–83 (9th Cir. 2018)). No such alteration occurred here. In the indictment, Bellot was charged with "attempted possession with the intent to distribute" cocaine on an aiding and abetting theory.[1] This is consistent with the substantive

---

[1] Count Four of the indictment reads:
　　COUNT FOUR: (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii)(II); 18 U.S.C. § 2—
　　Attempted Possession With the Intent to Distribute 500 Grams or More of a Mixture and
　　Substance Containing Cocaine). On or about May 30, 2018, in the Northern District of
　　California, the defendant, LEMACK BELLOT, a/k/a "Lee," did knowingly attempt to
　　possess with the intent to distribute a Schedule II controlled substance, to wit: 500 grams
　　or more of a mixture and substance containing a detectable amount of cocaine, its salts,
　　optical and geometric isomers, and salts of isomers, in violation of Title 21, United States
　　Code, Sections 846, 841(a)(1), and (b)(1)(B)(ii)(II), and Title 18, United States Code,
　　Section 2.
Dkt. No. 1. Count Six is identical other than the date (November 28, 2018), the amount of cocaine at issue (5 kilograms), and the operative quantity provision (21 U.S.C. § 841(b)(1)(A)(ii)(II)).

instruction delivered to the jury ("Attempted Aiding and Abetting the Possession of Cocaine") and the nature of proof offered at trial.

Bellot makes a related argument that a new trial is warranted because of "confusion" during the charging conference. Leading up to trial, the government consistently described the charges against Bellot as "aiding and abetting the attempted possession with intent to distribute" cocaine. *See, e.g.*, Dkt. No. 202 at 6 (United States' Motions in Limine); Dkt. No. 203 at 1 (Parties' Joint Pretrial Conference Statement); Dkt. No. 208 at 1 (Joint Description of the Case). The parties described the charges the same way in their draft jury instructions. *See* Dkt. No. 207 at 7, 52. At the charging conference, however, the Court expressed concern that the allegations (helping a confidential information transport fake drugs) were more accurately characterized as attempting to aid and abet, not aiding and abetting an attempt—though the elements of the offense were functionally identical under either framing. The Court therefore renamed the instruction over the objection of the defendant. But in making this revision, the Court was making the instructions more aligned with the proof offered at trial, not less.[2]

2. Bellot's motion also suggests that, "[b]etween the start and end of the trial," the government improperly "changed its theory," from alleging that Bellot attempted to help the informant smuggle drugs "through" the airport to alleging that Bellot attempted to help the informant bring drugs "to" the airport. This is not a reason for a new trial. So long as the government stays within the bounds of the indictment (as it did so here), it is permitted to pivot in response to testimony that comes out during trial—in this case, testimony from Bellot that he was hoping that the informant would get caught with the drugs going through airport security.

---

[2] At trial, Bellot argued that he did not have the requisite intent to be convicted of attempting to aid and abet possession with intent to distribute cocaine. This defense would have been equally effective against a crime of aiding and abetting an attempt, as the mens rea requirement is identical across these two crimes. The difference between these crimes is that the former does not require a guilty principal. To convict someone of aiding and abetting an attempt, the government must show that the principal attempted to commit some crime (but failed). To convict someone of attempting to aid and abet, however, the principal need not have any criminal intent at all—"[a]s with other attempt crimes, the focus of the court's analysis shifts away from external circumstances to an examination of the defendant's intent and actions in furtherance of that intent." *United States v. Washington*, 106 F.3d 983, 1005 (D.C. Cir. 1997).

3. During deliberations, the jury sent out a note with a question about the substantive instruction: "In order to meet the aid and abet requirement: Is it necessary that the defendant helped the [confidential source] procure the drugs, or, regardless of how the [confidential source] procured them, it is sufficient to help the [confidential source] distribute?" The Court responded: "The government need not prove that the defendant attempted to aid and abet procurement of cocaine, or that the defendant was involved in the procurement of something he thought was cocaine. The government must prove beyond a reasonable doubt that the defendant attempted to aid and abet the confidential source in the possession with intent to distribute cocaine." Bellot argues that this question "shows that the jurors were confused as to what conduct constituted the charged offense." Bellot concedes that the Court's response was "not legally incorrect," but he argues that "it was probably not particularly helpful." Vague speculation about juror confusion in the face of a legally correct instruction does not justify a new trial.

4. Finally, Bellot contends that he was denied effective assistance of counsel at trial.[3] But the record is insufficiently developed to adequately evaluate Bellot's claim at this time. Although defense counsel was visibly unprepared during trial, there is scant evidence at this time that his performance was constitutionally deficient or that Bellot was prejudiced as a result. The Court therefore declines to rule on the ineffective assistance of counsel claim at this juncture. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: May 26, 2022

VINCE CHHABRIA
United States District Judge

---

[3] Bellot's trial counsel withdrew shortly after trial, and new counsel was appointed.